IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAMARYS MELENDEZ RIVERA | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | NO. |
| | : | |
| WAL-MART STORES, INC., d/b/a | : | |
| WALMART | : | |
| and | : | |
| JANE AND JOHN DOES | : | |
| and | : | |
| ABC CORPORATIONS | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., d/b/a Walmart (hereinafter referred to as "Defendant" or "Walmart"), by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b)(3) and (c)(3) to remove this action from the Court of Common Pleas Philadelphia County, April Term, 2020, No. 01615, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and aver in support thereof as follows:

1. Plaintiff, Zamarys Melendez Rivera (hereinafter "Plaintiff"), initiated this action by filing a Complaint in the Court of Common Pleas Philadelphia County, April Term, 2020, No. 01615, on or about April 30, 2020. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2. Plaintiffs' Complaint alleges that Plaintiff sustained injuries when she slipped and fell due to "negligently maintained, defective, unsafe, slippery condition" while shopping at Walmart Store #5103 in Philadelphia, Pennsylvania, on or about May 5, 2018. *See* Exhibit "A" ¶¶ 6, 8.

3. Plaintiff alleged that she sustained "serious and permanent injuries, including, but not limited to, posttraumatic syndrome, cerebral concussion, cervical injury, acute dorsal injury, lumbar injury, posttraumatic synovitis bilateral knee, bilateral ankle injury, and anxiety reaction." *Id.* ¶ 9.

4. Plaintiff also alleged that the above injuries will caused her to "expand such sums of money for an indefinite period of time into the future." *Id.* ¶ 10.

5. Plaintiff demanded damages in excess of $50,000 to settle their claims. *Id.*

6. Plaintiff is diverse from the Defendant.

7. Removal from the Court of Common Pleas Philadelphia County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

8. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

### A. **PLAINTIFF IS DIVERSE FROM THE DEFENDANT IN THIS MATTER**

9. Plaintiff, based on information and belief, are citizens of the Commonwealth of Pennsylvania who, per her Complaint, reside at 2908 Levick Street, Philadelphia, Pennsylvania, and are therefore residents and citizens of the Commonwealth of Pennsylvania. *See* Exhibit "A," ¶ 1.

10. Defendant Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal business located in Bentonville, Arkansas.

11. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI). None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

12. Accordingly, Plaintiff is diverse from Defendant and the requirements for removal based on diversity of citizenship are satisfied.

**B.     THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT PROVIDE A GOOD FAITH BASIS THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL LIMIT.**

*13.* As set forth above, the Complaint alleges that Plaintiff suffered and continues to sustained "serious and permanent injuries, including, but not limited to, posttraumatic syndrome, cerebral concussion, cervical injury, acute dorsal injury, lumbar injury, posttraumatic synovitis bilateral knee, bilateral ankle injury, and anxiety reaction." *See* Exhibit "A," ¶9.

14. Plaintiff alleges that as a result of the aforementioned injuries she will "expand such sums of money for an indefinite period of time into the future.'" *Id.* at ¶ 10.

15. Plaintiff alleges damages in excess of $50,000. *See* Exhibit "A."

16. Walmart submits that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, based on the allegations in Plaintiffs' Complaint, most notably that Plaintiff sustained injuries that may be permanent in nature in the future. *See* Exhibit "A," ¶ 9.

17. Therefore, based upon the averments in Plaintiff's Complaint, Walmart believes and therefore avers that the amount in controversy exceeds $75,000 and the requirements for removal are satisfied.

18. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

19. Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant, Walmart Inc., respectfully request that this State Action be removed from the Court of Common Pleas Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, P.C.**

Dated: May 19, 2020  By:  s/ *Steven R. Bryson*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Steven R. Bryson, Esquire
Attorney I.D. No. 324942
Email: sbryson@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Walmart Defendant*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZAMARYS MELENDEZ RIVERA | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| WAL-MART STORES, INC., d/b/a | : | |
| WALMART | : | |
| and | : | |
| JANE AND JOHN DOES | : | |
| and | : | |
| ABC CORPORATIONS | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Steven R. Bryson, Esquire, hereby certify that on 19th day of May, 2020, Defendant's Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic mail on this same date on the following:

**Gomez Law Group**
Jennifer Gomez Hardy, Esquire
1608 Walnut Street, Suite 701
Philadelphia, PA 19103
jgomezhardy@gomezjustice.com
*Attorneys for Plaintiff*

                                            **MCDONNELL & ASSOCIATES, P.C.**

Dated:   May 7, 2020           By:   */s/ Steven R. Bryson*
                                                          Patrick J. McDonnell, Esquire
                                                          Steven R. Bryson, Esquire
                                                          *Attorneys for Walmart Defendant*

# EXHIBIT A

**EXHIBIT A**

| | |
|---|---|
| **GOMEZ LAW GROUP**<br>By:   Jennifer Gomez Hardy, Esquire<br>Attorney I.D. No. 317203<br>1608 Walnut Street, Suite 701<br>Philadelphia, PA 19103<br>(267) 313-1186 / FAX: (267) 313-1196<br>jgomezhardy@gomezjustice.com | This is a Major Case<br><br>Attorney for the Plaintiff<br><br>*Filed and Attested by the Office of Judicial Records 30 APR 2020 02:58 pm A. SILIGRINI* |
| **ZAMARYS MELENDEZ RIVERA**<br>2908 Levick Street<br>Philadelphia, PA 19149<br><br>            Plaintiff,<br><br>     v.<br><br>**WAL-MART STORES, INC. d/b/a WALMART**<br>4600 Roosevelt Blvd., Building G<br>Philadelphia, PA 19124<br>         and<br>**JANE AND JOHN DOE**<br>(fictitious names of persons whose Identities are presently unknown)<br>         and<br>**ABC CORPORATIONS**<br>(fictitious names of persons whose Identities are presently unknown)<br><br>            Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>APRIL TERM, 2020<br><br>NO. |

## NOTICE TO PLEAD

| | |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."<br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) diás de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."<br>Asociacion de Licenciados de Filadelfia<br>Servicio de Referencia e Informacion Legal<br>One Reading Center, Philadelphia, PA 19107<br>(215) 238-6333 | TTY (215) 451-6197 |

Case ID: 200401615

## CIVIL ACTION – COMPLAINT

Plaintiff Zamarys Melendez Rivera by and through her undersigned counsel, by way of Complaint hereby state the following:

1. Plaintiff Zamarys Melendez Rivera is an adult individual, who resides at the above-captioned address.

2. Defendant Wal-Mart Stores, Inc. d/b/a Walmart is a corporation or other legal entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

3. Defendant(s), Jane and John Doe (fictitious names of persons or entities whose identifies are presently unknown) (hereinafter "John Doe") is an adult individual and resident of the Commonwealth of Pennsylvania, working therein at the above-captioned address.

4. Defendant(s), ABC corporation (fictitious name of a corporation or entity whose identifies are presently unknown) is a corporation or other legal entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

5. At all times material hereto, all Defendants acted or failed to act individually and/or by and through its agents, servants, and/or employees, who were then and there acting within the course and scope of their employment with Defendants, in furtherance of Defendants' business and on behalf of Defendants.

6. At all times material hereto, all Defendants owned, operated, managed, maintained, warranted, repaired, constructed, inspected, performed and/or cleaning services and/or controlled the real property and business premises, at or near 4600 Roosevelt Blvd. Building G in Philadelphia, Pennsylvania 19124 (hereinafter "Premises").

7. On May 5, 2018, Plaintiff Zamarys Melendez Rivera was a lawful business invitee on said premises.

8. On May 5, 2018, Plaintiff Zamarys Melendez Rivera was on the premises when she was caused to fall by reason of a negligently maintained, defective, unsafe, slippery condition on/of the said premises.

9. As a direct and proximate result of the negligence and carelessness of the Defendants, Ms. Melendez Rivera was caused to suffer serious and permanent personal injuries, including, but not limited to, posttraumatic syndrome, cerebral concussion, cervical injury, acute dorsal injury, lumbar injury, posttraumatic synovitis bilateral knee, bilateral ankle injury, and anxiety reaction.

10. As a direct and proximate result of the negligence and carelessness of all Defendants, Ms. Melendez Rivera has been compelled, in order to attempt to effect a cure of the aforesaid injuries, to expend large sums of money for medicine and medical attention and will be required to expend such sums of money for an indefinite period of time into the future.

11. As a direct and proximate result of the negligence and carelessness of all Defendants, Ms. Melendez Rivera has suffered a loss of the enjoyment of life's pleasures.

12. The aforementioned accident was caused by the negligence of all Defendants herein, their agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff herein.

## COUNT I

## ZAMARYS MELENDEZ RIVERA v. ALL DEFENDANTS

## NEGLIGENCE

13. Plaintiff Zamarys Melendez Rivera hereby incorporates by reference herein all above allegations as though the same were more fully set forth at length.

14. At all times relevant hereto, Defendants, Wal-Mart Stores, Inc. d/b/a Walmart, Jane and John Doe, and ABC Corporations', negligence and carelessness individually, and by and through its agents, servants, employees, contractors and/or sub-contractors included but was not limited to:

    a. failing to properly maintain the subject premises;
    b. failing to correct a dangerous condition;
    c. permitting a dangerous defect and/or condition to exist on/of the said premises;
    d. failing to clean the said premises;
    e. failing to properly inspect said premises;
    f. failing to timely inspect said premises;
    g. failing to warn Plaintiff of a dangerous condition and/or defect on said premises;
    h. failing to provide a safe and adequate passage;
    i. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the repair/cleaning of said premises;
    j. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the removal hazardous conditions said premises;
    k. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the treatment of dangerous conditions on said premises;
    l. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the removal of dangerous conditions on said premises;
    m. failing to preventatively treat said premises for dangerous conditions;
    n. failing to remove dangerous conditions from said premises;
    o. failing to warn Plaintiff of an unsafe slippery condition;
    p. allowing said defective condition to remain on the premises for an unreasonable period of time;

    q.    failing to properly inspect, repair, maintain the said premises;

    r.    negligently permitting hazardous conditions to remain on said premises for an unreasonable period of time; and

    s.    creating a dangerous and/or defective condition on/of said premises.

**WHEREFORE**, Plaintiff demands damages against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and allowable costs of suit and brings this action to recover same.

                                                          **GOMEZ LAW GROUP**

                                          By:  /s/ *Jennifer Gomez Hardy*

Dated: April 30, 2020                                     JENNIFER GOMEZ HARDY
                                                                  *Attorney for the Plaintiff*

## VERIFICATION

I, Zamarys Melendez-Rivera, Plaintiff herein, make this Verification and state that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief.

I, the undersigned, understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: 4/30/2020

_____
Signature

## VERIFICATION

I, Lawrence Mujenda-Rizzi, Plaintiff herein, make this Verification and state that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief.

I, the undersigned, understand that the statements therein are made subject to the penalties of 18 Pa. C.S.§. §4904, relating to unsworn falsification to authorities.

_____
Signature

Dated: 4/30/2020

Case ID: 200401615